Hall, Judge.
 

 The first question is, whether
 
 trove?
 
 will lie in this case.
 
 Trover
 
 will not lie to cover a record, but it will lie
 
 to
 
 recover letters patent, being but the copy of a record.
 
 (Hardress
 
 111.) It lies for a bond, without alleging that it was due to the Plaintiff.
 
 (Wilson
 
 v.
 
 Chambers, Cro,. Ca.
 
 262.) It also lies for a note,
 
 *373
 
 in which the Plaintiff has no legal interest.
 
 (Murray et al.
 
 v.
 
 Burling,
 
 10
 
 Johns,
 
 172). It will lie against the finder of a bank bill, but not. against his assignee.
 
 (Anon.
 
 1
 
 Salk.
 
 126.) It lies upon a special property. A stran-. ger may maintain it upon a special property by bailment, as well as the obligee himself. And a stranger, as well as the obligee, may declare in
 
 trover, ut de scripto éuo obligatorio ;
 
 and the
 
 scriptum suum
 
 is not inserted, to declare that the Defendant has converted
 
 the duty, or chose in action,
 
 which belonged to the Plaintiff, but to sbo\v, what sort of a deed it is which is converted.
 
 (Arnold v
 
 .
 
 Jefferson, 1 Ld. Raymond 275, S. C. 2 Sal.
 
 654.) It is. stated in Watson, v.
 
 Smith, (Cro. Eliz.
 
 723) that
 
 trover
 
 will not lie for a bond. But the author of
 
 Bac. Abr. (Trover,
 
 D) says, that other authorities, bedsides being jnore modern, seem to be the better opinion.
 

 June, 1830.
 

 I think the principle to be extracted from authorities on this subject is, that
 
 trover
 
 will lie upon a general or special property. The Plaintiff had a property™ the judgment in question, and therefore this action will lie.
 

 The next question is, whether in law the Plaintiff is entitled to recover, it being a gaming transaction. The first section of the act relates to executory contracts, and declares that all such, entered into to pay, deliver or secure money or other thing, won or obtained by playing-cards or other games shall be void. In the last clause of the same section, the transfer of property to satisfy or secure money so won is declared to be void. On the construction of this clause depends the present controversy.
 

 In
 
 Hodges
 
 v.
 
 Pitman
 
 (2
 
 Law Repos.
 
 394) it was held, that money won at gaming and paid, could not be recovered back, because it could not be considered
 
 personal estate transferred to satisfy or secure money, so won.
 
 In ibis case, the judgment won is personal estate, and may he transferred but it has not been transferred to secure or satisfy
 
 money
 
 which has been won. Therefore it is not
 
 *374
 
 within the words of the act. The judgment itself has been won, and on principle, if ¡none)' cannot, and ought not to be recovered back, I see no reason why any other p,.0perty should be recovered back.
 

 I regret such a narrow construction of the act, but 1 feel myself bound by it, as heretofore made. I think a more liberal construction, authorizing the recovery back of money and other property, lost at gaming and delivered to the winner, would better answer the end which the Legislature had in view, when they enacted it. Acting on the principle, that the gamesters are each
 
 parti" dpes criminis,
 
 falls short of furnishing a remedy, commensurate with the evils arising from gambling.
 

 Per Curiam. — Let the judgment of the Court below bc affirmed.